UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 278 |
| v. | ) | |
| | ) | |
| ERNESTO GODINEZ | ) | |

**Motion *In Limine* to Bar Gang Evidence**

Now Comes the Defendant, ERNESTO GORDINEZ, by his attorneys Lawrence H. Hyman and Gal Pissetzky, and moves this Honorable Court to bar gang evidence and expert testimony of Christopher Chmelar, and in support thereof, states as follows:

**A. Gang Evidence Should Be Barred Pursuant to Rules 401 and 403**

The issues at this trial will involve whether Mr. Godinez shot an undercover ATF Agent. The evidence does not indicate that the crime in question was a gang-related event, nor that Mr. Godinez has a gang association, issues that carry substantial potential for unfair prejudice. The danger at trial of allowing the government to refer to Mr. Godinez as a gang member or to raise the issue of gangs is obvious in light of the lack of evidence. Such labels are unduly inflammatory - triggering preexisting stereotypes in the minds of jurors concerning gang members. See Fed. R. Civ. P. 403; *Charles v. Cotter*, 867 F Supp. 648, 657 (N.D. Ill. 1994) (Castillo, J.) (identifying Section 1983 plaintiff as a gang member would be "unfairly prejudicial as it encourages the inference that [he] is an evil and menacing person"). Thus, "[b]ecause of the substantial risk of unfair prejudice, [the Seventh Circuit] require[s] district courts to give careful consideration to determining the admissibility of gang membership evidence." *United States v. Henning*, 114 F.3d 1192, 1997 WL 267860 (7th Cir. May 7, 1997).

As the Seventh Circuit explained in reversing a district court for failing to exclude references to an affiliation with a gang called the Diablos: "[T]he danger of unfair prejudice stemming from the admission of the gang evidence in this case was substantial. Gangs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to [people] who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted." *United States v. Irvin*, 87 F.3d 860, 865-67 (7th Cir. 1996).

In this case, the prejudice will be all the more unfair because any association between members of a gang and Mr. Godinez is not relevant to the charges. In that vein, any arguable probative value of such a label is, at best, *de minimis*. Compare *United States v. Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990) (gang membership admissible where joint venture was element of prosecutor's case). Notwithstanding the lack of any genuinely probative value, the government undoubtedly would love nothing more than to "discredit" Mr. Godinez by this alleged association. Therefore, this court should bar the introduction of evidence of any gang membership.

The probative value of the evidence regarding gang member affiliation is outweighed by the resulting prejudice and confusion in violation of Federal Rule of Evidence 403. Under FRE 401 and 403, the government should not be permitted to attempt to confuse the issues by "smearing" Mr. Godinez in this manner. This is not to say that gang membership is never relevant in the criminal trial. Indeed, gang membership can be key to establishing criminal intent or agreement to conspire. *See United States v. Thomas,* 86 F.3d 647, 652 (7th Cir.1996) (gang evidence was relevant to demonstrate conspiracy and relationship between defendants); *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996) (gang membership can be used to establish

criminal intent or agreement to conspire). However, the government has not alleged nor has it produced any evidence that Mr. Godinez was privy to any conspiracy or that there is any relevant criminal intent that attaches to the issues in this case. Given the case law urging extreme caution on such evidence, all references to Mr. Godinez's alleged gang affiliation must be barred as insufficiently probative and highly prejudicial.

### B. Gang Evidence Expert Should Be Barred

The government gave notice that it intends to call Officer Christopher Chmelar to testify as an expert on Chicago street gangs and how said gangs operate, specifically as it relates to the Latin Saints. Aside from Officer Chmelar's testimony, however, the government will not introduce any other evidence that the allegations in this case stemmed from gang related activity. The government simply does not possess any evidence to establish that the shooting of agent Crump was gang related. Officer Chmelar's "testimony had no tendency whatsoever to make the existence of any fact of consequence to the government's case in chief either more or less probable than it would have been without his testimony. Clearly, then, in the context of the government's case in chief, [officer Chmelar's] opinion testimony lacked substantial relevance to any matter in issue, and [is] therefore not admissible." *United States v. Hall* 653 F.2d 1002, 1006 (5th Cir. 1981)(internal quotations omitted); See also Fed.R.Ev. 401 and 402.

In *United States v. Young*, an agent's expert testimony was admitted in a conspiracy case against a heroin courier to bridge the gap between defendant's conduct and criminal activity. 745 F.2d 733, 761 (2nd Cir. 1984) The court held that the expert opinion "did not carry the day but was still deemed admissible because it 'was not used to explain the absence of any corroborating physical evidence in the government's case, but was instead used to explain physical evidence that

was in the case.'" *United State v. Garcia*, 919 F.3d 489, 501 (7th Cir. 2019) (quoting *United States v. Young*, 745 F.2d at 761)

The *Young* court cautioned, however, the use of such expert opinion because it was "offered to establish that ambiguous conduct constitutes criminal activity." *Id*. at 765 (Newman, J., concurring). Judge Newman explained that one must question whether an [experienced narcotics agent] expert's opinion that the events he observes constitute a drug transaction provides very much, if any, assistance to a jury, beyond whatever inference is available to be drawn by the jury from all the evidence.... Whatever slight probative value arises from a narcotics expert's personal opinion that an observed transaction involved a sale of drugs must be carefully weighed against the distinct risk of prejudice. The 'aura of special reliability and trustworthiness' surrounding expert testimony, which ought to caution its use, especially when offered by the prosecution in criminal cases, poses a special risk in a case of this sort. That risk arises because the jury may infer that the agent's opinion about the criminal nature of the defendant's activity is based on knowledge of the defendant beyond the evidence at trial....The hazard of permitting the opinion in evidence ought to make courts cautious in assessing the sufficiency of a case based heavily on such an opinion. If the observed actions of a defendant do not establish a prima facie case, I do not believe that an expert's opinion that his actions are criminal may carry the prosecution's proof above the requisite line. It is one thing to permit a jury to weigh that opinion in considering an otherwise adequate case; it is quite another matter to let that opinion salvage an insufficient case. *Id*. at 765-66 (internal citations omitted); see also *United States v. Boissoneault*, 926 F.2d 230, 234-35 (2d Cir. 1991) (reversing conviction for possession of cocaine with intent to distribute and endorsing Judge Newman's concurrence in *Young*; agent's expert opinion could not supply sufficient evidentiary basis to infer intent to distribute beyond reasonable doubt); *United*

*States v. Sette*, 334 F.2d 267, 269 (2d Cir. 1964) (reversing conviction because sole evidence that defendant engaged in illegal gambling was two agents' "opinion testimony" based on "their observations and their general knowledge of the gambling business"; this did not "suffice[ ] to make a case for the jury" where agents "utterly failed" to follow through on surveillance and other evidence-gathering efforts—"the proper and recognized manner of proving" the offense).[1]

      In our case, the government's entire purpose in calling Officer Chmelar is to inflame the jury's emotions and put fear in the jurors so they will convict Mr. Godinez without considering the relevant evidence. The government will not produce one shred of relevant evidence that the shooting of Agent Crump was gang related, that the shooter knew Agent Crump was a law enforcement agent or a rival gang member, or that the shooter acted as a gang member to advance his gang's objectives. The suggested opinion testimony has no relevancy to any matter that is at issue in this case. The government must prove that Mr. Godinez shot Agent Crump. Inventing a motive for the shooting by calling Officer Chmelar, without any other corroborating evidence, is not only highly prejudicial but also not relevant and not an element that the government has to prove.

      Respectfully submitted,

**/s/ Lawrence H. Hyman**
Lawrence H. Hyman
LAWRENCE H. HYMAN & ASSOCIATES
*Attorney for Defendant, ERNESTO GODINEZ*
111 West Washington Street
Suite 1025
Chicago, Illinois 60602
(T): (312) 346-6766
(F): (312) 346-9688
(E): hymanlaw@lhyman.com

---

[1] Quoting from *Garcia*, 919 F.3d at 502-503.

**CERTIFICATE OF SERVICE**

    The undersigned, Lawrence H. Hyman, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the Motion *In Limine* to Bar Gamg Evidence was served on May 13, 2019 pursuant to the district court's ECF filers to the following:

To:    AUSA Kavitha J. Babu
        AUSA Nicholas J. Eichenseer
        United States Attorney's Office
        219 S. Dearborn Street, 5th Floor
        Chicago, IL 60604-2029

                          Respectfully submitted,

                          /s/ Gal Pissetzky
                          Gal Pissetzky
                          53 W. Jackson Blvd., Suite 1515
                          Chicago IL 60604
                          (312)566-9900