UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 278 |
| v. | ) | |
| | ) | |
| ERNESTO GODINEZ | ) | |

**Motion *In Limine* to Bar ShotSpotter Evidence**

Now Comes the Defendant, ERNESTO GORDINEZ, by his attorneys Lawrence H. Hyman and Gal Pissetzky, and moves this Honorable Court to bar, *in limine,* ShotSpotter evidence and expert testimony of Paul Greene, and in support thereof, states as follows:

**A. ShotSpotter Methodology and Date Are Unreliable under *Daubert***

For scientific evidence to be admissible, it must be scientifically valid, FRE 702; *Kirk v. Exxon Mobil Corp*., 870 F. 3d 669, 673-74 (75h Circuit 2017).

Rule 702 states: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), the Supreme Court focused upon the admissibility of scientific expert testimony. It pointed out that such testimony is admissible only if it is both relevant and reliable. And it held that the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. at 597. *Daubert* requires a district court to conduct a two-step analysis when a party proffers expert scientific evidence. *U.S. v. Hall*,

165 F.3d 1095, 1101 (7th Cir. 1999). First, "the district court must 'consider whether the testimony has subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.'" I*d*. at 1102 (quoting *Porter v. Whitehall Labs, Inc.*, 9 F.3d 607, 614 (7th Cir. 1993)). During this step, the court must determine "whether the reasoning or methodology underlying the testimony is scientifically valid." *Daubert*, 509 U.S. at 592-93. In second step of the analysis, the court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." *Porter*, 9 F.3d at 616. Thus, the court is required to "consider whether the proposed scientific testimony fits the issue to which the expert is testifying." *Hall*, 165 at 1102.

Here, the government gave notice that it intends to call Paul Greene, a forensic engineer at ShotSpotter, to testify about its employer's data, which it collects through its software program it describes as a spotter gunshot detection and location system, and the conclusions ShotSpotter draws from that data.

This court must conduct a *Daubert* hearing before allowing the government to introduce any evidence relating to ShotSpotter. However, the underlying data, and the methodology used to analyze it, are not the product of reliable principles and methods that have been tested and approved by known standards in the scientific community. ShotSpotter's data is proprietary, trade secret data, which has never been subjected to any peer review or testing. Moreover, the officers on the scene can testify as to what they saw and heard in regard to gunfire.

However, Mr. Greene's testimony about approximate location of the shots must be barred. ShotSpotter, its methodology, its science and algorithms, and the programs and its censors reliability have never been tested by an outside third-party company or source. This Honorable Court must order a *Daubert* hearing and require the government to establish ShotSpotter's reliability.

### B. ShotSpotter is Unreliable under Daubert

ShotSpotter detects and locates noise through the use of sensors. The government, however, has not provided counsel with ShotSpotter data as to the number, accuracy, reliability, and proper calibration of sensors used to detect and locate noise. The government also has not provided counsel any of the underlying algorithms and programming used by ShotSpotter to make its assessments and conclusions. Nor has the government provided counsel with the raw data ShotSpotter collected, which can be manually manipulated.

In the event this Court does not bar the testimony of Mr. Greene, and the admission of the ShotSpotter data and conclusions in its entirety, then the government must turn over all the data of ShotSpotter related to this case, and its program, with its algorithms. If this Court does find that ShotSpotter technology is admissible under *Daubert*, then under Rule 403, it must bar testimony regarding presumptive and approximate locations of shots it claims were fired at the crime scene. The testimony of ShotSpotter's employee, based on its deliberate placement of the shot's origins, is designed solely to bolster the government's case and will unduly prejudice Mr. Godinez.

Respectfully submitted,

**/s/ Lawrence H. Hyman**
Lawrence H. Hyman
LAWRENCE H. HYMAN & ASSOCIATES
*Attorney for Defendant, ERNESTO GODINEZ*
111 West Washington Street
Suite 1025
Chicago, Illinois 60602
(T): (312) 346-6766
(F): (312) 346-9688
(E): hymanlaw@lhyman.com

**CERTIFICATE OF SERVICE**

      The undersigned, Lawrence H. Hyman, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the Motion *In Limine* to Bar Shotspotter Evidence was served on May 13, 2019 pursuant to the district court's ECF filers to the following:

To:    AUSA Kavitha J. Babu
         AUSA Nicholas J. Eichenseer
         United States Attorney's Office
         219 S. Dearborn Street, 5th Floor
         Chicago, IL 60604-2029

                Respectfully submitted,

                /s/Gal Pissetzky
                Gal Pissetzky
                53 W. Jackson Blvd, Suite 1515
                Chicago IL 60604
                (312)566-9900