UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 278 |
| v. | ) |
| | ) Judge Harry T. Leinenweber |
| ERNESTO GODINEZ | ) |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION IN LIMINE TO BAR BALLISTICS EVIDENCE**

The defendant's motion in limine to exclude the ballistics evidence and the testimony of the government's firearms and toolmark expert should be denied. The relevance of the ballistics evidence – the five cartridge cases and two bullets found at the scene – and expert's testimony regarding the evidence is obvious, and their probative value far outweigh any confusion, of which there would be little if any.

**BACKGROUND**

The government expects that the evidence at trial will show that the defendant stood in the gangway at 4332 S. Hermitage Ave. and fired five shots south down Hermitage Avenue at a plain-clothes ATF agent standing at the corner of Hermitage Avenue and 44th Street. One bullet went through the agent's head before finally landing at rest in the grass near 4416 S. Hermitage Ave. The second bullet hit a tree near 4348 S. Hermitage Avenue, which was approximately midway between the gangway where the defendant hid and the corner where the agent stood. Law enforcement officers recovered both bullets. Law enforcement officers also recovered five cartridge cases from the mouth of the gangway at 4332 S. Hermitage Avenue.

1

The government expects that its firearms and toolmark expert will testify that the two bullets were .38 caliber class and both bullets were fired from the same gun. The government further expects that the expert will testify that the five cartridge cases were 9mm Luger cartridge cases and were fired from the same gun. The government also expects that the expert will testify that the two bullets could have been fired from a 9mm Luger caliber semi-automatic pistol, a 9mm Luger caliber machine gun, a .38 special caliber revolver, or a .357 Magnum caliber revolver.

## ARGUMENT

Relevant evidence is admissible. Fed. R. Evid. 402. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. If the probative value of evidence is substantially outweighed by the danger of issues being confused, then the evidence may be excluded. Fed.R.Evid. 403. Rule 403 is not meant to strip a trial of relevant evidence whose absence will create a "chronological and conceptual void," leaving the jury to speculate. *See United States v. Pulido,* 69 F.3d 192, 202 (7th Cir. 1995) (affirming admission of evidence of triple murder in drug conspiracy prosecution).

The defendant labels the two bullets and five cartridge cases as a "confusing assortment," but does little else to explain how the physical evidence and the expert's expected testimony is confusing. The government anticipates that the defendant will focus on the fact that, to date, the government has not found the gun used in the assault of the ATF agent. The government's expert can explain how the cartridge

cases were matched to each other without the gun, and how the bullets were matched to each other without the gun. The expert will also explain how, and why, cartridge cases and fired bullets cannot be matched to each other without examining the gun used to fire them. The expert can also opine on the different types of firearms that may have been used, and can opine that the 9mm Luger cartridge cases and .38 caliber bullets could have been both fired from a 9mm Luger semi-automatic pistol. These may be central questions to the jury's determination, and the evidence and the expert's testimony offer key answers to those questions. The probative value of this relevant and admissible evidence far outweigh any possible confusion.

## CONCLUSION

For the foregoing reason, the government respectfully requests that the Court deny the defendant's motion to exclude the ballistics evidence and the testimony of the firearms and toolmark expert.

Dated: May 20, 2019

                                        Respectfully submitted,

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

                                        By:   /s/ Kavitha J. Babu
                                        KAVITHA J. BABU
                                        NICHOLAS J. EICHENSEER
                                        Assistant United States Attorneys
                                        219 South Dearborn Street, 5th Floor
                                        Chicago, Illinois 60604
                                        (312) 353-5300